# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          :

                             :         ID No. 1706000548

       v.               :         In and For Kent County

                             :

DARREN C. WEIFORD,        :

                             :

      Defendant.        :

## ORDER

Submitted:  January 22, 2019
Decided:  January 25, 2019

### *Upon Defendant's Motion for Correction of Sentence - DENIED*

On this 25th day of January, 2019, having considered Defendant Darren Weiford's ("Mr. Weiford's") motion for correction of sentence, it appears that:

1.      The Court sentenced Mr. Weiford to an aggregate unsuspended Level V sentence of thirty-three years for Murder in the Second Degree, and Possession of a Firearm During the Commission of a Felony.  Both charges involved Mr. Weiford's murder of Amber Buckler ("Ms. Buckler") on June 1, 2017.

2.      He now moves the Court to correct his sentence pursuant to Superior Court Criminal Rule 35(c) because he alleges the Court lacked impartiality.  The rule he relies upon provides for correcting a sentence by motion when it "was imposed as a result of arithmetical, technical, or other clear error."[1]

3.      Mr. Weiford did not raise the issues at his sentencing that he now challenges.  The Court notes that it concluded the sentencing by specifically inviting counsel to raise any additional matters.  Defense counsel declined to do so.

---

[1] Super. Ct. Crim. R. 35(c).  This portion of the Rule addresses clerical errors.  Nevertheless, Mr. Weiford's motion fairly raises issues regarding an alleged violation of his due process rights and will be addressed by the Court.

4. For the first time, Mr. Weiford now asserts by motion that he did not share with his attorney a pre-sentencing letter that he sent to the Court requesting leniency. As a result, he alleges the Court violated his constitutional due process rights because his letter to the Court was an *ex parte* communication. Namely, he alleges that the Court violated his "Delaware constitutional due process rights at his allocution" by considering the letter because his attorney did not know that he had written it.[2]

5. Here, Mr. Weiford incorrectly characterizes his own letter as an *ex parte* communication that violated his right to due process. In order to generate a right to relief from judgment on due process grounds, there must be "an *ex parte* conversation, which by definition deprives a defendant of the right to be heard . . ."[3] Only when a *defendant* lacks notice of a communication *from the State* is he or she deprived of the right to be properly heard on an issue.[4] A defendant's due process rights may be violated when the State one-sidedly interjects information into the process that the defendant is unaware of and therefore cannot address. Here, the Defendant does not claim that the State provided information to the Court without his knowledge. Rather, he complains that the Court reviewed and considered a letter that he apparently chose not to share with his privately retained attorney.

6. Prior to sentencing, the Court reviewed the presentence report, its exhibits, and Mr. Weiford's letter that was forwarded shortly after completion of the presentence report. The Court was unaware that he chose not to disclose to his

---

[2] The right to allocution does not implicate constitutional issues. The Delaware Supreme Court has recognized that "[a]ny failure of a trial court to adhere to the right of [allocution] is 'an error which is neither jurisdictional nor constitutional [and] not a fundamental defect which inherently results in a complete miscarriage of justice' so as to constitute a denial of a fair trial." *Shelton v. State*, 744 A.2d 465, 495 (Del. 2000) (citation omitted). The Supreme Court further noted that neither the federal constitution nor the Delaware Constitution provide such a right. It is solely grounded upon Superior Court Criminal Rule 32(a)(1)(C). *Id.*

[3] *State v. Pruitt*, 805 A.2d 177, 181 (Del. 2002).

[4] *Carrigan v. State*, 2007 WL 3378657, at *3 (Del. Super. Aug. 17, 2007).

attorney that he sent a letter. Defendants frequently write the Court prior to sentencing in support of leniency and the Court considers such letters. Statements in such letters fall within the right to allocution and are appropriately considered.[5] This right to allocution involves the right for the defendant to personally address the Court, in addition to the separate right of counsel to individually address the Court.[6]

7.      Contrary to Mr. Weiford's position, it is not the role of the Court to interject itself into the attorney-client relationship to regulate what information a client shares with his attorney. Prior to receipt of this motion, the Court had every expectation that Mr. Weiford had shared his letter with his counsel. Moreover, counsel's statements at the sentencing confirmed the Court's at-the-time understanding. Namely, the opening sentences in his presentation closely tracked the themes in Mr. Weiford's letter. Counsel referenced Mr. Weiford's statements requesting leniency and that he be sentenced for an offense less serious than Murder in the Second Degree. He then characterized Mr. Weiford's statements, that were found both in the letter and made by him to the presentence officer, as "an attempt to gain attention." At sentencing, the Court understood that counsel's comments addressed what Mr. Weiford raised both in his presentence interview and in the letter at issue.

8.      The Court presumes that a defendant's attorney spends adequate time with his or her client to address such matters. Defense counsel represented to the Court at sentencing that he and Mr. Weiford met frequently prior to the sentencing to discuss strategy. As a result, the Court does not question counsel's diligent preparation for the sentencing. The Court expects that a defendant and his attorney would discuss both the propriety and content of any such letter before a client sends

---

[5] *See* Super. Ct. Crim. R. 32(a)(1)(C) (providing that the defendant may personally make a statement to the Court prior to sentencing).

[6] *See* Super. Crim. R. 32(a)(1)(B) (providing that separately from the defendant's right to address the Court, counsel for the defendant must have an opportunity to speak on behalf of the defendant).

it to the Court. The Court further should be able to reasonably expect that in final preparation for sentencing a client would disclose to his attorney that he sent a letter to the Court. Mr. Weiford apparently chose not to. His own choice does not amount to a Court violation of his due process rights.

9. Despite multiple mental health examinations, no mental health professional opined that Mr. Weiford was incompetent to fully cooperate with his counsel when preparing for sentencing. In fact, all opinions confirmed that he was competent. Mr. Weiford's motion, in effect, seeks to place the burden on the Court to interject itself into the attorney-client relationship to weigh the adequacy of a client's disclosures to his or her attorney. Prudence certainly weighs in favor of a client sharing all such information. Seeking to place the after-the-fact burden on the Court to ensure such an exchange is not appropriate.

10. With regard to Mr. Weiford's allegations that the Court should reassign the matter to another judge for purposes of resentencing, he cites no adequate basis for such action. The Court considered the undisputed facts that Mr. Weiford aimed at and shot his fiancé in the head at close range as she slept in a hotel bed, without warning. The Court found this to be excessively cruel. This murder followed his detailed posting on social media, one month earlier, that amounted to a script for carrying out his plan. Although the State offered, and he accepted, a Murder in the Second Degree plea, the circumstances could not have pointed more strongly to that of an intentional killing. Furthermore, as discussed by the Court at sentencing, although Mr. Weiford has mental health issues, no psychiatrist or psychologist that evaluated him provided a diagnosed mental infirmity that caused his conduct.

11. Despite counsel's representation that Mr. Weiford did not share the letter with him, the Court nevertheless finds no prejudice. Namely, Defense counsel's statements at the sentencing referenced the same themes Mr. Weiford

4

recited in his letter. When commenting at sentencing, counsel addressed substantially similar matters to those raised in Mr. Weiford's letter including (1) blaming the mental health system and (2) counsel's desire to find answers regarding why Mr. Weiford killed Ms. Buckler. Again, counsel's sentencing comments closely reflected the content of the letter as well as his client's interview comments. On balance, a *post facto* review demonstrates no prejudice because the mitigating themes presented by counsel, those stated by Mr. Weiford in his presentence interview, and those stated by Mr. Weiford in his letter, all closely aligned.

12.    Finally, the findings in the presentence report mirror those found by the Court. The Court accepted the presentence officer's recommendation regarding aggravating factors that included (1) excessive cruelty, (2) undue depreciation of the offense, and (3) a lack of remorse. The Court also considered the sole mitigating factor when issuing its sentence. Consequently, the Court's sentence of Mr. Weiford to 30 years for an offense that carried a maximum statutory penalty of life in prison was appropriate.

**NOW THEREFORE, IT IS ORDERED** that Mr. Weiford's motion for correction of sentence is **DENIED.**

/s/Jeffrey J Clark
Judge

5